IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America<br><br>v.<br><br>William David Locklair Jr. | Crim. No. 4:11-cr-02079-TLW-1<br><br>**Order** |

Defendant has filed a motion under Rule 41(g) of the Federal Rules of Criminal Procedure, in which he asserts that the Government should return to him various unspecified property seized from his home during police raids in March 2011 and January 2012. There is no merit to this motion.

Defendant pled guilty to a drug conspiracy charge and a 924(c) gun charge, and he was sentenced to 192 months on the drug charge and 60 months consecutive on the gun charge.[1] At the time of his guilty plea, he and his counsel signed a "Stipulation and Agreement for Abandonment of Property," in which he agreed to the abandonment of specified property seized on March 16, 2011 and January 4, 2012, including fifteen firearms, dozens of rounds of ammunition, a ballistic vest, $2,374 cash, several vehicles, and a trailer. ECF No. 59. The stipulation provides that he "agrees to voluntarily forfeit and abandon all right, title, and interest in the listed property," that he "waives and releases any claim that [he] might otherwise have made to them in the future," that he "waives any right [he] might otherwise have had to receive notice or a hearing with respect to any motion, pleading, order, or any other action that the Government might take, in its sole discretion, to carry out the abandonment, disposition, and destruction of the

---

[1] His sentence on the drug charge was subsequently reduced to 180 months pursuant to Amendment 782 to the sentencing guidelines. ECF No. 77.

1

property," and that this "waiver includes, without limitation, all common law, statutory, and constitutional claims or challenges, on any grounds, arising at any time from, or relating to, the seizure, abandonment, disposition, and destruction of the property . . . ." *Id.* The agreement is comprehensive and specific in scope as to the property being abandoned.

Additionally, Defendant has made no showing that he is entitled to return of any property. Rule 41(g) requires that the person be "aggrieved by an unlawful search and seizure of property or by the deprivation of property." No showing has been made that meets the requirements of Rule 41(g).

Accordingly, there is no merit to Defendant's motion for return of property, ECF No. 82, and it is therefore **DENIED**.

**IT IS SO ORDERED.**

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

March 2, 2016
Columbia, South Carolina